IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
JAN 2 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| KEVIN LONG,<br><br>    Plaintiff,<br><br>v.<br><br>CHAROEN POKPHAND,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.: 03-S-04-N |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), and 28 U.S.C. §§ 2201 and 2202. This is an employment discrimination suit authorized and instituted pursuant to Acts of Congress known as the "Civil Rights Act of 1866", as amended, and Title VII of the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991". The jurisdiction of this Court is invoked to secure the protection of and to redress deprivation of rights secured by these Acts, providing damages, injunctive relief and other relief against race discrimination in employment.

2. The plaintiff, Kevin Long, has fulfilled all conditions precedent to the institution of this action under Title VII of the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991". The plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act and has filed this lawsuit within 90 days of receipt of his Notice of Right to Sue.

## PARTIES

3. The plaintiff, Kevin Long, is a white citizen of the United States and is a resident of Barbour County, Alabama. He is over the age of nineteen (19) years.

4. The defendant, Charoen Pokphand, is a corporation doing business in the State of Alabama. At all times relevant to this action, the defendant has maintained and operated a business in Alabama. The defendant has more than fifteen employees and is subject to the "Civil Rights Act of 1866", as amended, and Title VII of the "Civil Rights Act of 1964".

## STATEMENT OF CLAIMS

5. The plaintiff re-alleges, re-avers and adopts the allegations of paragraphs one (1) through four (4) as if fully set forth herein. The plaintiff was employed by the defendant within the two (2) years prior to the filing of this lawsuit.

6. On January 13, 1997, the plaintiff was hired into a consultant position with the defendant.

7. After working in several capacities with the defendant, in April of 1999, the plaintiff became the Personnel Manager over the processing plant.

8. During the time that the plaintiff served as Personnel Manager, he made several complaints to the defendant's management about its discriminatory hiring and promotion practices regarding its African-American employees. As a result of his complaints, the plaintiff was subjected to unlawful retaliation.

9. In January of 2001, the complex Human Resources Manager position

became available. The position was never posted, and the plaintiff was told that the defendant's Safety Coordinator would serve in the position.

10. To the contrary, the defendant filled the position with an outside candidate with lesser qualifications than the plaintiff. As such, the defendant effectively denied the plaintiff this promotion. Furthermore, the plaintiff was subsequently forced to transfer to a non-managerial, clerical position.

11. On May 4, 2001, the plaintiff filed an EEOC Charge regarding the above.

12. After the defendant received the plaintiff's EEOC Charge, Kathy Gilmore, the defendant's Assistant Human Resources Manager, interviewed the plaintiff about his Charge.

13. On June 13, 2001, the defendant's attorney arrived at the plant to discuss the plaintiff's EEOC Charge with him. The plaintiff expressed that he did not wish to meet with the defendant's attorney.

14. On June 14, 2001, the plaintiff was terminated.

15. The plaintiff avers that he has been subjected to unlawful retaliation in violation of the "Civil Rights Act of 1866", as amended, and Title VII of the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991".

16. As a consequence of the aforesaid, the plaintiff has lost wages and suffered other damages, including mental anguish.

17. The plaintiff has no adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, including damages for mental anguish, punitive damages, reinstatement, injunctive

relief and declaratory relief is his only means of receiving adequate relief.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful practice unless enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that this Court assume jurisdiction of this action and award the plaintiff the following relief:

a)  Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from violating the "Civil Rights Act of 1866", as amended, and Title VII of the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991", in the manner alleged herein above;

b)  Grant the plaintiff an order requiring the defendant to make him whole by granting appropriate declaratory relief, reinstatement, back pay, front pay, compensatory damages, including damages for mental anguish, punitive damages, interest, attorneys' fees, expenses and costs; and

c)  The plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

/s/ Tamula R. Yelling
TAMULA R. YELLING
State Bar I.D. No.: ASB-9447-E61-T
Attorney for the plaintiff

**OF COUNSEL:**
MEELHEIM, WILKINSON
      & MEELHEIM, P.C.
2013 Second Avenue North
Birmingham, Alabama 35203
(205) 252-2500/[Fax] 252-5838

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.**

*/s/ Pamela R. Yelling*
OF COUNSEL

**PLAINTIFF'S ADDRESS:**
Mr. Kevin Long
c/o MEELHEIM, WILKINSON
      & MEELHEIM, P.C.
2013 Second Avenue North
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:**
Charoen Pokphand
c/o Michael K. Wisner
100 Washington Street, Ste. 200
Huntsville, Alabama 35801